IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

THOMAS MORRISON, JR.                                                                    PLAINTIFF

v.                                          Case No. 4:18-cv-4129

BIOMET, INC.;
BIOMET ORTHOPEDICS, LLC; and
BIOMET U.S. RECONSTRUCTION, LLC                                                         DEFENDANTS

## ORDER

This case is one of nearly 3,000 products-liability cases involving the alleged failure of Defendants' M2a series of metal-on-metal hip implant systems—the M2a-Magnum™ and M2a-38™. On October 2, 2012, the Judicial Panel on Multidistrict Litigation transferred the first of the M2a systems actions to the United States District Court for the Northern District of Indiana for consolidated and coordinated pretrial proceedings under MDL Panel No. 2391. On February 11, 2013, the Northern District of Indiana ordered that all actions included in MDL Panel No. 2391 would be assigned to the Honorable Robert L. Miller, Jr., United States District Judge for the Northern District of Indiana, South Bend Division. On February 15, 2013, Judge Miller ordered that any plaintiff whose case would be subject to transfer to MDL Panel No. 2391 could file their case directly in the Northern District of Indiana.

On April 15, 2014, Plaintiff Thomas Morrison Jr. filed this case in the Northern District of Indiana, pursuant to Judge Miller's February 15, 2013 order, and the case was included in MDL Panel 2391. From that date until September 2018, this case remained in MDL Panel No. 2391, with Judge Miller presiding, during which time the parties conducted generalized discovery and motion practice. On September 8, 2018, Judge Miller entered an order transferring this case to this Court,[1] advising that

---
[1] Plaintiff's complaint implies that, but for Judge Miller's order allowing plaintiffs to file their M2a-related suits directly with MDL Panel No. 2391, he would have filed this case in the Western District of Arkansas, where Plaintiff asserts that venue is proper and where Defendants are subject to personal jurisdiction. (ECF No. 1, p. 4).

certain case-specific discovery and/or motion practice may be required before the case is ready for trial. However, before the Court delves into those potential issues, it first will raise the issue of venue. *See Clark v. Transamerica Life Ins. Co.*, No. 4:09-cv-0877-GTE, 2010 WL 2771916, at *3 (E.D. Ark. June 18, 2010) (stating that district courts may *sua sponte* consider whether to transfer a civil action for the convenience of parties and witnesses, in the interests of justice) (citing *I-T-E Circuit Breaker Co. v. Becker*, 343 F.2d 361, 362 (8th Cir. 1965)).

Under the general venue statute, a civil action founded on diversity of citizenship, like this case, may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events occurred; or (3) a judicial district in which any defendant is subject to personal jurisdiction if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Under this statute, a corporation is deemed to reside in any district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c)(2). Further, in states with multiple districts, a corporation is deemed to reside in any district in the state within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts. 28 U.S.C. § 1391(d).

Assuming for purposes of this order that venue is proper in the Western District of Arkansas, the Court has the authority to transfer this case to a more convenient forum pursuant to 28 U.S.C. § 1404(a). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In deciding whether such a transfer is appropriate, the Court employs a three-factor balancing test, considering: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l., Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). Moreover, the Eighth Circuit has approved the consideration of "all relevant factors" in making a "case-by-case evaluation of the particular circumstances at hand." *Id.*

A review of Plaintiff's complaint (ECF No. 1) leaves the Court with the impression that this case could have been filed in the United States District Court for the Eastern District of Arkansas. Plaintiff alleges that he is an Arkansas citizen and resident, although he does not specify where exactly he resides in Arkansas. Plaintiff also alleges that Defendants are foreign business entities with principal places of business in Indiana. Plaintiff alleges further that he suffered injuries from Defendants' products in Arkansas. Specifically, Plaintiff alleges that on June 13, 2007, he underwent total right hip replacement surgery, performed by Dr. David Newbern at St. Vincent's Infirmary Medical Care in Little Rock, Arkansas. Plaintiff also alleges that on February 13, 2008, he underwent total left hip replacement surgery, also performed by Dr. Newbern in Little Rock, Arkansas. Plaintiff alleges that he received Defendants' M2a Magnum Hip Implant during each surgery, that he subsequently suffered various injuries as a result of the M2a devices' defects, and that, on May 13, 2013, he underwent revision surgery to replace the failed Magnum device, also performed by Dr. Newbern in Little Rock, Arkansas. Accordingly, it appears that Plaintiff alleges that a substantial part of the events at issue in this case occurred—and thus his claims arose—in Little Rock, Arkansas, which is within the Eastern District of Arkansas.[2] Thus, the Court finds that Plaintiff could have filed this case in the Eastern District of Arkansas.

In light of the above, the Court believes a fair question exists as to whether this case should be transferred under 28 U.S.C. § 1404(a) in the interests of justice to a more convenient forum—the Eastern District of Arkansas. The allegations contained in Plaintiff's complaint seemingly indicate that his claim arose in Little Rock, Arkansas, where he underwent two hip-replacement surgeries whereby Defendants' M2a devices were implanted in him. Moreover, various witnesses and

---

[2] Plaintiff does not appear to allege any facts indicating that a substantial part of the events at issue occurred within the Western District of Arkansas, Texarkana Division. The Court notes that Plaintiff alleges that Defendants and/or their representatives met with "orthopedic surgeons, including . . . Plaintiff's orthopedic surgeon," to promote the use of the M2a Magnum Hip Implant, and that an employee and/or an agent of Defendants provided the Magnum Device to Dr. Newbern. (ECF No. 1, pp. 10-11). However, Plaintiff does not allege with specificity where these meetings took place.

documents that would be presumably offered as evidence in this case would also likely be located in or near Little Rock, Arkansas. Although the Court is mindful of Plaintiff's right to choose his forum, *see Terra Int'l.*, 119 F.3d at 695, courts afford less deference to a plaintiff's choice when "(1) [the] plaintiff does not reside in the selected forum or (2) the transaction or underlying facts did not occur in the chosen forum." *Nelson v. Soo Line R. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999) (internal citation omitted); *see also Blessing v. Union Pac. R. Co.*, No. 4:14-cv-3023, 2014 WL 2515192, at *3 (D. Neb. June 4, 2014).

At first blush, it appears to the Court that the convenience of the parties, the convenience of witnesses, and the interests of justice would be best served through the litigation of this case in the Eastern District of Arkansas, the district where a substantial part of the events at issue in this case appears to have occurred. However, the parties may be able to provide additional information to better inform the Court's decision. Accordingly, the Court hereby **DIRECTS** the parties to file briefs discussing the venue issue raised by the Court in this order and, specifically, whether this case should be transferred to the Eastern District of Arkansas pursuant to 28 U.S.C. § 1404(a). The parties shall file their briefs **on or before January 30, 2019**.

**IT IS SO ORDERED**, this 15th day of January, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge