IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

THOMAS MORRISON, JR.                                                                    PLAINTIFF

v.                              Case No. 4:18-cv-4129

BIOMET, INC.;
BIOMET ORTHOPEDICS, LLC; and
BIOMET U.S. RECONSTRUCTION, LLC                                                         DEFENDANTS

# ORDER

This case is one of nearly 3,000 products-liability cases involving the alleged failure of Defendants' M2a series of metal-on-metal hip implant systems—the M2a-Magnum™ and M2a-38™. On October 2, 2012, the Judicial Panel on Multidistrict Litigation transferred the first of the M2a systems actions to the United States District Court for the Northern District of Indiana for consolidated and coordinated pretrial proceedings under MDL Panel No. 2391, presided over by the Honorable Robert L. Miller, Jr., United States District Judge for the Northern District of Indiana, South Bend Division. On February 15, 2013, Judge Miller ordered that any plaintiff whose case would be subject to transfer to MDL Panel No. 2391 could file their case directly in the Northern District of Indiana.

On April 15, 2014, Plaintiff Thomas Morrison Jr. filed this case in the Northern District of Indiana, pursuant to Judge Miller's February 15, 2013 order, and the case was included in MDL Panel 2391. On September 8, 2018, Judge Miller entered an order transferring this case to this Court,[1] advising that certain case-specific discovery and/or motion practice may be required before

---

[1] Plaintiff's complaint implies that, but for Judge Miller's order allowing plaintiffs to file their M2a-related suits directly with MDL Panel No. 2391, he would have filed this case in the Western District of Arkansas, where Plaintiff asserts that venue is proper and where Defendants are subject to personal jurisdiction. (ECF No. 1, p. 4).

the case is ready for trial. (ECF No. 172).

On January 14, 2019, the Court *sua sponte* raised an issue of venue. Specifically, the Court noted that Plaintiff's complaint does not appear to allege any facts indicating that a substantial part of the events at issue occurred within the Western District of Arkansas, Texarkana Division. Moreover, the Court also noted that Plaintiff's complaint appears to indicate that a substantial part of the events at issue in this case occurred in Little Rock, Arkansas, within the Eastern District of Arkansas. Assuming for purposes of the venue discussion that venue is indeed proper within the Western District of Arkansas, the Court ordered the parties to file briefs discussing whether this case should be transferred under 28 U.S.C. § 1404(a) in the interests of justice to a more convenient forum—the Eastern District of Arkansas.

On January 30, 2019, the parties filed a joint brief regarding venue. The parties state that they have conferred and agree that the Western District of Arkansas is an appropriate venue for this action because Plaintiff was and is a resident of Hope, Arkansas, at the time of the alleged injuries and surgeries that formed the basis of this case. Accordingly, the parties ask that this case remain in the Western District of Arkansas, Texarkana Division for further proceedings. As discussed in detail below, the Court's concerns about whether a venue transfer might be appropriate have been put to rest, and the Court finds that this case will remain in the Western District of Arkansas, Texarkana Division.

Under the general venue statute, a civil action founded on diversity of citizenship, like this case, may be brought only in certain judicial districts. Namely, venue is proper only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events occurred; or if neither of the previous instances apply, (3) a judicial district in which any defendant is subject to personal jurisdiction. 28 U.S.C.

§ 1391(b).

The Court's January 14, 2019 order directing the parties to brief venue presumed that this case was filed in the Western District of Arkansas on the basis that a substantial part of the events at issue occurred in this district. However, this does not appear to be the case, as the parties' joint brief appears to state that this case was instead filed based on the third venue instance, that at least one of Defendants is subject to personal jurisdiction in this district. (ECF No. 188, p. 2). However, as stated above, the third venue instance is applicable only if the first two are not. In other words, if a judicial district exists in which a substantial part of the events at issue occurred, venue cannot be found based on the third venue factor. *See* 28 U.S.C. § 1391(b)(3) (providing for venue based on any defendant being subject to personal jurisdiction "if there is no district in which an action may otherwise be brought as provided in this section"). The Court's January 14, 2019 order stated that Plaintiff's complaint appears to allege that a substantial part of the events at issue occurred in Little Rock, Arkansas—which is within the Eastern District of Arkansas—as the surgeries which formed the basis of this case occurred in Little Rock. The parties' joint brief does not address this statement or otherwise attempt to show that a substantial part of the events at issue did not occur in Little Rock, Arkansas.[2] As such, it appears to the Court that venue is improper in the Western District of Arkansas under the third venue provision because the second venue provision applies to make venue proper in the Eastern District of Arkansas.

However, this discussion is largely academic because the parties' joint brief states that Defendants do not object to venue. "Venue requirements exist for the benefit of defendants."

---

[2] At most, the joint brief appears to imply that a substantial part of the events at issue did not occur in Little Rock, Arkansas. The brief states in relevant part that, "[i]f there is no one venue where a substantial part of the events or omissions giving rise to the claim occurred, venue may also be brought in 'any judicial district in which any defendant is subject to the court's personal jurisdiction.'" (ECF No. 188, p. 2). However, the brief does not expand on this statement or otherwise state that the second venue instance does not apply to make venue proper in the Eastern District of Arkansas.

*Richards v. Aramark Servs., Inc.*, 108 F.3d 925, 928 (8th Cir. 1997). More specifically, "[o]ne of the central purposes of statutory venue is to ensure that a defendant is not haled into a remote district, having no real relationship to the dispute." *Id.* (internal quotation marks and citations omitted). "Of course, venue, like jurisdiction over the person, may be waived. A defendant, properly served with process by a court having subject matter jurisdiction, waives venue by failing seasonably to assert it." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). In this case, the parties' joint brief indicates that "Defendants do not object to venue in this case." (ECF No. 188, p. 3). Accordingly, the Court finds that Defendants have waived any venue defense available to them.

The Court now must determine whether it may dismiss or transfer this case for improper venue, despite the fact that Defendants have waived any available venue defense. Ordinarily, courts "shall dismiss, or if it be in the interest of justice, transfer" any case founded on improper venue. 28 U.S.C. § 1406(a). However, a court may continue to possess a case founded on improper venue if the defendant fails to make a timely venue objection. 28 U.S.C. § 1406(b). Moreover, "[b]ecause of the waiver principle and the personal nature of the venue defense, some courts consider it inappropriate to dismiss an action sua sponte for improper venue in the absence of a proper objection." 14D Charles Alan Wright et al., *Federal Practice and Procedure* (4th ed. 2018) (collecting cases); *see also Henderson v. Keisling*, 341 F. App'x. 769, 770 (3d Cir. 2009) (holding that *sua sponte* dismissal for improper venue is only appropriate if a defendant objects to venue); *Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007); *Janis v. Ashcroft*, 348 F.3d 491, 493 (6th Cir. 2003) (holding that *sua sponte* dismissal for improper venue is altogether inappropriate); *Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996) (holding that *sua sponte* dismissal for improper venue is inappropriate after the defendants waive venue); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir.

1986) (same); *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 (2d Cir. 1966) (holding that *sua sponte* dismissal for improper venue after the defendants waive venue is appropriate only in "extraordinary circumstances"); *Thompson v. United Transp. Union*, 599 F. Supp. 2d 1075, 1077 (N.D. Iowa 2008) (keeping case although venue seemed doubtful because no party objected to venue), *aff'd on other grounds*, 588 F.3d 568 (8th Cir. 2009).

The Court is unaware of any binding Eighth Circuit caselaw squarely addressing the issue of whether a court may *sua sponte* dismiss or transfer a case for improper venue in the absence of a venue objection. However, the weight of authority from other jurisdictions is persuasive and the Court finds accordingly that it would be inappropriate to *sua sponte* dismiss or transfer this case for improper venue in light of the fact that Defendants have waived venue. For this reason, this case shall remain with this Court for further proceedings.

With the venue issue now resolved, the Court now turns to scheduling. Judge Miller's September 8, 2018 order transferring this case to this Court indicates that all parties in the MDP panel have conducted generalized discovery and motion practice. Judge Miller advised that, after remand, the parties may have certain case-specific discovery and/or motion practice to conduct before this case is ready for trial.

The Court has not yet entered a Final Scheduling Order in this matter. Rather than enter the Court's ordinary Final Scheduling Order, which may set deadlines that are duplicative of what the parties have already done in the MDL panel, the Court seeks the parties' feedback as to this case's current status. To that end, the parties shall confer and file a joint case status report **on or before May 10, 2019**. The status report may include any information contemplated by Federal Rule of Civil Procedure 26(f) and/or Local Rule 26.1 that the parties wish to provide the Court for scheduling purposes, but should specifically discuss whether the parties require the following: (1)

additional, non-duplicative, case-specific depositions; (2) disclosure of case-specific experts, service of case-specific expert reports, and case-specific expert depositions; (3) any motions addressing the testimony of case-specific experts; (4) any motions directed to the recorded trial testimony of Plaintiff's generic (i.e. not case-specific) experts; (5) any other motions addressing the testimony of generic or case-specific experts; and (6) any summary judgment motions that were not addressed by Judge Miller. The parties should also propose deadlines if any of the above are requested. The Court will then take the parties' status report into consideration when issuing a Final Scheduling Order.

**IT IS SO ORDERED**, this 19th day of April, 2019.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge